IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:
SHAHIDA SOHAIL,
                            Debtor.

SHAHIDA SOHAIL,
                           Appellant,
        v.

MOHINDER SINGH,
                           Appellee.

Civil Action Number 3:09cv666

**MEMORANDUM OPINION**

This is an appeal from an adversary bankruptcy proceeding pursuant to Title 28, United States Code, Section 158(a). The case concerns the bankruptcy court's June 25, 2009 determination that a debt owed by debtor-appellant to appellee is nondischargeable. For the reasons stated herein, the Court affirms the decision of the bankruptcy court.

**I. FACTS AND PROCEDURAL HISTORY**

The debtor-appellant Shahida Sohail ("Sohail" or "appellant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 21, 2008. The adversary proceeding was filed on April 21, 2008 by appellee Mohinder Singh ("Singh" or "appellee"). On May 22, 2008, Sohail filed a motion to dismiss the complaint, but Sohail never brought the motion on for hearing. A pretrial conference was held on June 11, 2008, and the bankruptcy court issued its standard pretrial order, originally setting the trial for December 11, 2008. On June 17, 2008, Singh moved for leave to file an amended complaint to which Sohail consented. The bankruptcy court granted the motion, and Sohail was given an additional twenty days from the filing of the amended complaint to file an

answer. Singh filed the amended complaint on July 21, 2008, and the answer was due on August 11, 2008. However, no answer or other responsive pleading was ever filed with regard to the amended complaint. On November 26, 2008, Singh filed a motion to continue the trial, along with a list of exhibits and a list of witnesses. At a hearing on December 3, 2008, the bankruptcy court granted the motion to continue the trial and scheduled a second pretrial conference to be held on December 17, 2008. At the second pretrial conference, the bankruptcy court rescheduled the trial for April 9, 2009. On March 25, 2009, Singh filed an amended list of exhibits. Two days before trial, in violation of the deadline established by the pretrial order and without ever having filed an answer, Sohail filed a list of exhibits and a list of witnesses. On April 8, 2009, one day before the scheduled trial date and in response to Sohail's filing, Singh filed a motion for default judgment or, in the alternative, a motion in limine to preclude Sohail from presenting its witnesses and exhibits based on Sohail having violated the bankruptcy court's pretrial order. The bankruptcy court denied the motion for default judgment because the answer was due on August 11, 2008 and Singh had waited until April 8, 2009 to ask for default judgment. However, the bankruptcy court granted the motion in limine. Sohail's list of exhibits and list of witnesses were stricken from the record, and Sohail was not permitted to introduce that evidence at the trial on April 9, 2009. The trial took place on April 9, 2009 and, thereafter, the bankruptcy court set a briefing schedule for post-trial motions and scheduled oral argument for May 20, 2009. The hearing was held on May 20, 2009, and the bankruptcy court issued a memorandum opinion[1] setting forth its findings of fact and conclusions of law and an order granting judgment on behalf of Singh and against Sohail on June 25, 2009.

---

[1] Although neither the appellant nor the appellee included the bankruptcy court's memorandum opinion in its designation of the record on appeal, the Court takes judicial notice of the memorandum opinion setting forth its findings of fact and conclusions of law.

The bankruptcy court made the following findings of fact: Sohail, the debtor, owes Singh $200,000. Sohail executed a promissory note dated December 23, 2006 in the principal amount of $200,000 (the "Note"). Singh is the payee, owner, and holder of the Note. Sohail along with two others, (1) Abdelhak Lamlilah and (2) Bismillah Shehryar & Malaika LLC, are the makers of and obligors under the Note (the "Obligors"). Sohail incurred the obligation evidenced by the Note (the "Debt") in connection with the acquisition of a convenience store to be owned and operated by Bismillah Shehryar & Malaika LLC. The convenience store was located at 8701 Staples Mill Road, Richmond, Virginia, and operated under the name Sunoco Gas Station/Convenience Store (the "Convenience Store"). Sohail was the sole member in and owner of Bismillah Shehryar & Malaika LLC. When the Note matured on December 31, 2007, Singh made a demand for the repayment of all principal plus accrued and unpaid interest and other amounts, including attorney's fees, due under the Note. The Obligors failed to pay the amounts due and owing on the Note. Singh then pursued collection of the Note, and Sohail filed for bankruptcy on January 21, 2008. Sohail listed the Debt that is owed under the Note to Singh in her schedules of assets and liabilities, and the Debt was not listed as contingent, disputed, or unliquidated. On June 11, 2008, Singh timely and properly filed a proof of claim in the bankruptcy case in the amount of $200,000, and no objections to the claim were filed. On that basis, the bankruptcy court found that Singh's claim was "deemed allowed under § 502 of the Bankruptcy Code." The bankruptcy court also found that the Debt was secured by a perfected security interest in favor of Singh "on all of the assets of Bismillah Shehryar & Malaika LLC, including all inventory, furnishings, fixtures, equipment and general intangibles, and proceeds thereof (the "Collateral"), belonging to the Convenience Store." Further, "the Debt was also secured

3

by a deed of trust on residential property owned by Sohail and her husband in Stafford County, Virginia (the "Stafford Property")."

The bankruptcy court also found that Singh discovered after Sohail filed the bankruptcy petition that Sohail had allegedly made a number of materially false representations and had failed to disclose certain material facts with regard to obtaining the loan to Kitty Kaur ("Kaur"), Singh's daughter and agent. Kaur had helped Sohail and her husband obtain a mortgage loan to purchase the Stafford Property, and Kaur acted as agent for Sohail in arranging the loan evidenced by the Note. After hearing the evidence at trial, the bankruptcy court found that Sohail had made at least six material misrepresentations with regard to obtaining the loan from Singh. The bankruptcy court further found that Kaur relied on the misrepresentations and omissions of material fact in evaluating Sohail's request for a loan and that Kaur would not have recommended that Singh make the loan if not for the misrepresentations and omissions of material fact.

The initial meeting of creditors in the bankruptcy case pursuant to § 341 of the Bankruptcy Code took place on February 19, 2008. On that date, the meeting was adjourned to March 31, 2008, because Sohail failed to produce documents and information that the trustee, Harry Shaia, Jr. (the "Trustee"), required. On March 31, 2008, the meeting was again adjourned, this time to April 21, 2008 because Sohail again failed to provide requested documents and information. At the meeting on April 21, 2008, Sohail again failed to bring the documents and information that had been requested. During the March 31, 2008 meeting, Sohail testified that she had closed the Convenience Store on March 30, 2008 and would not be reopening it. The Trustee instructed Sohail not to reopen the Convenience Store or to dispose of any of its assets, to remove only perishable items that might cause an unpleasant odor if left and her own personal property, and to turn the keys over to the

4

Trustee. Sohail disregarded the Trustee's instructions and removed all of the beer and almost all of the soft drinks, tobacco products, and groceries and other inventory. The security system was dismantled and removed. The computers, printers, facsimile machines, deli counter, and automatic teller machine were removed. There was also evidence that Sohail allowed people to pump gas at the Convenience Store after she was instructed to cease operations. All of the items that were removed were Collateral for the Debt owed to Singh. There was testimony that the cost to replace the items of Collateral that were wrongfully removed from the Convenience Store was approximately $40,000, which did not include the missing gasoline. The appraisal corroborated the testimony as to ownership and value of the removed items.

## II. LEGAL ANALYSIS

### A. Standard of Review

The applicable standard of review of the bankruptcy court's findings of fact is whether such findings are clearly erroneous. *Green v. Staples (In re Green)*, 934 F.2d 568, 570 (4th Cir. 1991); Bankruptcy Rule 8013. "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "[D]ue regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 250 (4th Cir. 1994) (quoting Bankruptcy Rule 8013). Conclusions of law and questions of statutory interpretation are reviewed *de novo*. *Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 150 (4th Cir. 2002); *Ford Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 483 (4th Cir. 1994). Decisions such as the bankruptcy court's granting of Singh's motion in limine to exclude evidence

is subject to review under an abuse of discretion standard. *See In re Anderson*, 349 B.R. 448, 460 (E.D. Va. 2006) (bankruptcy court's decision to bar deposition testimony reviewed for abuse of discretion). The bankruptcy court's determination with regard to dischargeability presents a mixed question of law and fact. *Cadlerock Joint Venture II, LP v. Beaudoin (In re Beaudoin)*, 380 B.R. 121, 125 (D. Conn. 2007). "In cases where the issues present mixed questions of law and fact, the court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts." *Williams v. McDow (In re Williams)*, No. 10CV049, 2010 WL 3292812, at *3 (W.D. Va. Aug. 19, 2010) (citing *Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir. 1996)).

B. Issues Presented According to the Appellant

1. Whether the bankruptcy court erred in awarding plaintiff Mohinder Singh on his amended complaint the entire debt of principal amount $200,000 plus interest since debtor Shahida Sohail should bear the risk for debtor's attorney's[2] conduct, who failed to produce the necessary documents and present critical evidence to the case on time; and
2. Whether bankruptcy court erred in making judgment based on false testimony of plaintiff's witnesses, who used false aliases and hid their true identity. The witnesses for plaintiff also lied under oath.

C. Issues Presented According to the Appellee

1. Did the bankruptcy court err in granting judgment in favor of the plaintiff / appellant Singh based upon the uncontradicted testimony of two witnesses, the exhibits admitted by the court, and the briefs and argument of the parties?
2. Was the bankruptcy court's granting of the motion of plaintiff / appellee for failure to comply with the court's pretrial order and applicable rules and abuse of discretion?

---

[2]Sohail was represented by counsel during the bankruptcy proceedings, but she filed the notice of appeal and proceeded *pro se* on appeal. Singh was presented by counsel who filed a brief in response to Sohail's brief on appeal but, thereafter, Singh's counsel also withdrew.

D. Analysis

Addressing the appellee's issues in reverse order, the bankruptcy court did not abuse its discretion in granting Singh's motion in limine to exclude evidence submitted by Sohail. Courts routinely and appropriately exclude evidence that is untimely and in violation of a scheduling order. *See Pickern v. Pier 1 Imports Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (district court did not abuse discretion by excluding expert's testimony for failure to comply with a scheduling order); *May v. Stahl*, 91 F.3d 131 (4th Cir. June 27, 1996), 1996 WL 380263, at *1-2, 1996 U.S. App. LEXIS 15549, at *2-4 (unpublished) ("The district court had discretion to exclude reports that were not timely filed in accordance with its scheduling order."); *see also In re Anderson*, 349 B.R. at 460. In this case, given Sohail's history of failure to produce documents and information that the Trustee required, failure to file an answer to the amended complaint, and failure to comply with the deadlines of the pretrial order, the bankruptcy court did not abuse its discretion in granting Singh's motion in limine to exclude Sohail's witnesses and exhibits.

The appellee's first issue and both of the appellant's issues relate to the bankruptcy court's determination that the Debt owed to Singh was nondischargeable. The amended complaint sought a determination that the Debt owed to Singh was nondischargeable under relevant subsections of section 523(a) of the Bankruptcy Code. Count one alleged nondischargeability under section 523(a)(6) for the damages that Sohail caused by willfully and maliciously injuring Singh's property when she converted the Collateral that secured the loan evidenced by the Note. Count two sought to have the entire Debt determined to be nondischargeable under section 523(a)(2)(A) based on the allegation that Sohail obtained the money by false pretenses, a false representation or actual fraud, and also under section 523(a)(2)(B) based on the allegation that Sohail used a false statement in

7

writing to obtain the money. Count three alleges nondischargeability under section 523(a)(4) on the grounds that Sohail committed larceny when she converted Singh's Collateral. As the bankruptcy court noted, counts one and three are factually interdependent.

Debts are presumed to be dischargeable in bankruptcy, and so a plaintiff bears the burden of proving by a preponderance of evidence that a debt should not be discharged under § 523(a). *See Grogan v. Garner*, 498 U.S. 279, 291 (1991). Although the essential purpose of bankruptcy is to provide debtors a fresh start, the bankruptcy court must be "equally concerned with ensuring that the perpetrators of fraud are not allowed to hide behind the skirts of the Bankruptcy Code." *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999).

Not one of the bankruptcy court's findings of fact was clearly erroneous. Rather, each of the court's findings of fact was well-supported in the record. The court heard the testimony of the witnesses and found them credible. The witnesses were subject to cross-examination and to examination by the court. Singh also submitted exhibits that supported the court's findings of fact.

Moreover, a *de novo* review of the court's conclusions of law finds that they were also correct. The bankruptcy court correctly noted that section 523(a)(2) of the Bankruptcy Code addresses two different categories of debts that are not dischargeable in bankruptcy and cited the Supreme Court's 1995 decision in which it referred to sections 523(a)(2)(A) and 523(a)(2)(B) as "two close statutory companions barring discharge:"

> One applies expressly when the debt follows a transfer of value or extension of credit induced by a falsity or fraud (not going to financial condition), the other when the debt follows a transfer or extension induced by a materially false and intentionally deceptive written statement of financial condition on which the creditor reasonably relied.

8

*Field v. Mans*, 516 U.S. 59, 66 (1995). The court correctly set forth the law with regard to subsection (A) of section 523(a)(2): "a debtor is not entitled to a discharge from a debt to the extent that it was obtained by false pretenses, a false representation, or actual fraud." The court also correctly set forth the four elements a plaintiff must prove to prevail: "(1) a fraudulent misrepresentation; (2) that induces another to act or refrain from acting; (3) causing harm to the plaintiff; and (4) the plaintiff's justifiable reliance on the misrepresentation." *In re Biondo*, 180 F.3d at 134. The bankruptcy court also correctly stated that for the fourth element of a cause of action under subsection (A), the plaintiff only has to satisfy the "minimal standard" of justifiable reliance, not the heightened standard of reasonable reliance. *Id.* at 135 (citing *Field*, 516 U.S. at 70). Correctly applying the law to the facts, the court concluded that all of the elements of section 523(a)(2)(A) were satisfied. The court then correctly stated the law with regard to subsection (B) and applied the facts to subsection (B), concluding that all of the elements of section 523(a)(2)(B) were also met. Based on this analysis, with regard to count two of the amended complaint, the bankruptcy court correctly concluded that the entire $200,000 Debt was not dischargeable under 11 U.S. Code §§ 523(a)(2)(A) and 523(a)(2)(B).

Next, the court considered counts one and three. With regard to count one, the court found that there was no doubt that Sohail knew of the existence of the security interest and also knew that removal of the Collateral from the Convenience Store was wrong, especially given that the Trustee had specifically instructed Sohail not to remove any of the Collateral. The court also found that Sohail was "fully aware that the removal of the Collateral was certain to cause financial harm to [Singh]." Thus, the court correctly concluded that Sohail's actions "amounted to a knowing conversion of [Singh]'s property that caused willful and malicious injury under section 523(a)(6)

9

of the Bankruptcy Code" and that the "damages incurred as a result of [Sohail]'s conversion of the Collateral are therefore nondischargeable," further concluding that based upon the evidence as to the valuation of Singh's Collateral, $40,000 of the Debt is nondischargeable under section 523(a)(6).

With regard to count three, the court again considered the well-supported facts and applied those facts to section 523(a)(4), which excepts from discharge any debt resulting from embezzlement or larceny. The court's conclusion that Sohail's "actions with respect to the Collateral amount to conversion, which is deemed to be larceny under § 523(a)(4)," and that $40,000 of the Debt is nondischargeable under section 523(a)(4) is well-founded and correct.

### III.  CONCLUSION

The bankruptcy court did not abuse its discretion when it granted Singh's motion in limine and excluded Sohail's witnesses and exhibits. Despite the *pro se* appellant's allegations to the contrary, there is nothing in the record to support her allegations of lying and false testimony. Given the evidence before the bankruptcy court, the Court does not find the bankruptcy court's findings of fact to be clearly erroneous but, rather, finds them to be well-supported in the record. The bankruptcy court properly applied the appropriate legal standards, and its conclusions of law are supported by the record. The bankruptcy court's determination that the Debt owed by Sohail to Singh was nondischargeable will be affirmed.

An appropriate Order shall issue.


September 29, 2010                           /s/
DATE                         RICHARD L. WILLIAMS
                             SENIOR UNITED STATES DISTRICT JUDGE